IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL MARCAVAGE, et al., )
)
               Plaintiffs, )
)
 v. ) No. 06 C 3858
)
CITY OF CHICAGO, et al., )
)
               Defendants. )

## MEMORANDUM ORDER

City of Chicago and members of its Police Department who are also named as codefendants in this action (collectively "City Defendants") have moved for the entry of a protective order--what they label as a Qualified HIPPA and Confidential Matter Protective Order (here cited simply as "PO"). Plaintiffs have in turn tendered their Response in Limited Opposition to Defendants' Motion for a Protective Order, and City Defendants have contemporaneously filed a Reply in support of their original motion. With the parties thus at issue, this memorandum order addresses the two subjects of their disagreement.

First, as to PO ¶C.4 City Defendants correctly point out the error in this contention advanced by plaintiffs in their Response ¶3:

> Plaintiffs are not claiming damages for any physical injuries.

Plaintiffs' proposal that PO ¶C.4 be deleted entirely is therefore unsound. But plaintiffs' alternative proposal, to modify PO ¶C.4 so as "to waive notice requirements under HIPPA

and the Privacy Standards for medical records specifically related to claims of damages," is persuasive. That modification would also take care of plaintiffs' objection as to the absence of a time limitation in PO ¶C.4--although the modification should make it clear that anything in a plaintiff's prior medical history that would bear on the question of causation in terms of any claimed physical or mental damages that are sought to be ascribed to City Defendants must also be the subject of the PO ¶C.4 waiver.

Plaintiffs' other objection goes to PO ¶C.7, which relates to a possible redaction of certain information from any confidential matter. In that respect plaintiffs' counterproposal requiring the preparation of a privilege log in every instance of proposed redaction is unduly burdensome, and its objection to City Defendants' language that speaks of redaction "[t]o the extent that a party <u>believes</u> it has the right to redact information" is unpersuasive. This Court accordingly approves City Defendants' proposed version of PO ¶C.7.

There is one final matter that this Court believes it has already brought to the parties' attention. In its present form City Defendants' PO speaks in terms of "Signatories," a locution that may of course be retained if both sides accede to the rulings made in this memorandum order and sign onto the PO. If however that is not the case, the proposed PO will have to be

recast to reflect its posture as a subject of an order by this Court, rather than as an agreed provision between the parties that is then adopted by this Court's order.  This Court will await the submission of an appropriately revised PO under whichever of those alternatives applies.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 28, 2007